200526826
(kyn)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

IN RE:                                          Case No. 05-53309

Stanley Vincent Wagner                          Chapter 13
Christy H. Wagner                               Judge Howard
            Debtors

                                                OBJECTION TO DEBTORS' AMENDED
                                                PLAN BY TRI-CORP FINANCIAL,
                                                INC. C/O GMAC MORTGAGE
                                                CORPORATION
                                                (PROPERTY ADDRESS: 479 GRIMES
                                                BATTERTON ROAD, PARIS, KENTUCKY
                                                40361)

Now comes Tri-Corp Financial, Inc. c/o GMAC Mortgage Corporation (hereinafter "Secured Creditor"), a secured creditor, and respectfully Objects to the proposed Amended Chapter 13 Plan filed herein upon the grounds that the Plan fails to provide adequate protection to secured creditor under 11 U.S.C. 506. This Objection is supported by the following Memorandum.

/s/ Joel K. Jensen, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
P. O. Box 5480
Cincinnati, Ohio  45201-5480
(513) 241-3100
(513) 354-6464
wkybk@lsrlaw.com

**MEMORANDUM**

## I. FACTUAL STATEMENT

The facts of this case are as follows. Secured Creditor is the holder of a first mortgage lien on Debtors' real property known as 479 Grimes Batterton Road, Paris, Kentucky 40361. The mortgage was executed and delivered by Christy and Stanley Wagner (hereinafter "Debtors"). Secured Creditor's mortgage has an approximate principal outstanding balance of $71,194.37. The debtors have valued the property at $20,000.00. Tri-Corp Financial, Inc. c/o GMAC Mortgage Corporation believes that the property has a value in excess of that amount. The residence is debtors' principal residence, and the loan contains a covenant that the property will be used as debtors' principal residence.

## II. LEGAL ARGUMENT

Tri-Corp Financial, Inc c/o GMAC Mortgage Corporation is secured by a security interest in real property that is the Debtors' principal residence and, as such, its security interest cannot be modified as a matter of law. There is a well-established prohibition against the "cramdown" of under-secured liens. See Nobleman v. American Savings Bank, 508 U.S. 324 (1993). In Nobleman, the Supreme Court concluded that mortgages protected under Section 1322(b)(2) may not be modified, even if they are only partially secured by the value of the property.

The Supreme Court set forth the well-established rule prohibiting the "cramdown" of under-secured liens in the Nobleman

case. Id. The unanimous Nobleman decision, which addressed the interplay of 506(a) and 1322(b)(2), held that a mortgage lien may not be "stripped off" or treated as unsecured if it falls within the protection of Section 1322(b)(2). 508 U.S. at 332. If the mortgage is properly perfected, it must be accorded its protection under Section 1322(b)(2) – and therefore modification by treating the lien as unsecured may not be permitted. Id. Just as the Chapter 13 Debtors in the case at bar, in Nobleman the Chapter 13 Debtor argued that the creditor's claim should be "stripped down" because the underlying value of their principal residence was less than their mortgage. 508 U.S. at 326. However, the opinion reasoned that such a "stripdown" would "modify" the creditor's rights because the creditor would lose its payment and interest on the unsecured component, resulting in modification in the total package of rights the creditor held. 508 U.S. at 331.

Nobleman focused on the language of 1322(b)(2) and denied the Debtor's attempt to "strip down" the mortgage. 508 US at 332. Section 1322(b)(2) allows a Debtor's plan to "modify the *rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtor's principal residence ....*" 11 U.S.C. 1322(b)(2) (Emphasis added). Thus, secured rights in real estate may be modified in Chapter 13, but not if they apply to Debtor's principal residence. Based on the Supreme Court decision, the lien is protected from

modification regardless of whether the lien would be unsecured after a Sec. 506(a) valuation. Nobleman at 331.

Expounding on this point, the Supreme Court stated: "[Section 1322(b)(2)] does not state that a plan may not modify 'a claim secured only by' a home mortgage. Rather, it focuses on the modification of the 'rights of holders' of such claims. By virtue of its mortgage contract with [the debtors], the [mortgagee] is indisputably the holder of a claim secured by a lien on [the debtors] home." Id. at 328. According to the Supreme Court, the mortgagee's rights included "the right to repayment of the principal over a fixed term at specified adjustable rates of interest, the right to retain the lien until the debt is paid off, the right to accelerate the loan upon default and to proceed against [the debtors] residence by foreclosure and public sale, and the right to bring an action to recover any deficiency remaining after foreclosure." Id.

Secured Creditor is a partially creditor entitled to the protection of 1322(b)(2) as held by the Supreme Court in Nobelman. If Debtors' Amended Plan is confirmed, Secured Creditor's claim would be treated as unsecured claim and receive a small percentage of its claim. Accordingly, the Debtors' Amended Plan, which seeks to avoid the mortgagee's lien, should be denied confirmation.

## CONCLUSION

As shown by the foregoing, the conclusion is inescapable that Debtors' amended plan attempts to wrongfully modify and destroy Secured Creditor's security interest in the Debtors' principal residence; Secured Creditor is clearly entitled to the protection of the anti-modification provision clause, which prohibits loan modification. The Debtors' attempt finds no support in either 1322(b)(2) or <u>Nobelman</u>. Therefore, the Debtors' Amended Plan which seeks to avoid the mortgagee's lien is not in a posture for confirmation and must be denied.

/s/ Joel K. Jensen, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
P. O. Box 5480
Cincinnati, Ohio  45201-5480
(513) 241-3100
(513) 354-6464
ekybk@lsrlaw.com

**CERTIFICATE OF SERVICE**

    This is to certify that a true and exact copy of the foregoing Objection to Debtor's Plan by Tri-Corp Financial, Inc. c/o GMAC Mortgage Corporation has been duly served upon the following, by either ordinary U.S. Mail, postage pre-paid or electronic filing, this 28th day of October, 2005:

Stanley Vincent Wagner
479 Grimes Batterton Road
Paris, KY 40361

Christy H. Wagner
479 Grimes Batterton Road
Paris, KY 40361

Hon. Brian T. Canupp
326 Main St
Paris, KY 40361

Beverly M. Burden, Trustee
PO Box 2204
Lexington, KY 40588-2204


                                    /s/ Joel K. Jensen Case Attorney